In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________


 

NO. 09-03-529 CR


____________________



DAVID CASH MOORE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Court Cause No. 96-12-01695 CR






MEMORANDUM OPINION


 Appellant was indicted for aggravated sexual assault of a child. Appellant pled
guilty to the lesser included offense of indecency with a child, and the trial court sentenced
him to twenty years of confinement in the Texas Department of Criminal Justice,
Institutional Division. After his conviction, appellant requested counsel be appointed to
assist him in obtaining an order for DNA testing pursuant to Article 64.01(c) of the Texas
Code of Criminal Procedure. See Act of April 3, 2001, 77th Leg., R.S., ch. 2, §2, 2001
Tex. Gen. Laws 2 (amended 2003) (current version at Tex. Crim. Proc. Code Ann. art.
64.01(c) (Vernon Supp. 2004)). The trial court appointed counsel to represent appellant
in the post-conviction proceeding. The clerk's record does not contain appellant's post-conviction motion for DNA testing. However, the record does contain the trial court's
findings of fact and conclusions of law and its order denying appellant's motion. In its
findings of fact, the trial court found, based on an affidavit submitted by the State, that no
biological material was ever recovered as evidence. Accordingly, the trial court found
appellant had failed to establish by a preponderance of the evidence that a reasonable
probability exists that he would not have been prosecuted or convicted if exculpatory
results had been obtained through DNA testing. The trial court concluded appellant had
failed to meet the requirements of articles 64.03(a)(1) and 64.03(a)(2) of the Texas Code
of Criminal Procedure, and entered an order denying appellant's request for DNA testing. 
See Act of April 3, 2001, 77th Leg., R.S., ch. 2, §2, 2001 Tex. Gen. Laws 3 (amended
2003) (current version at Tex. Crim. Proc. Code Ann. art. 64.03(a)(1), (2) (Vernon
Supp. 2004)).

 Counsel for appellant has filed an Anders brief. He has also filed a motion to
withdraw. Counsel's brief meets the requirements of Anders v. California, 386 U.S. 738,
87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced. See also High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). Appellant was provided with a copy
of the brief, the motion to withdraw, the clerk's record, and a motion for extension of time
to file pro se brief. Counsel informed appellant of his right to file his own brief if he so
desired. Appellant then filed a pro se brief, in which he contends he received ineffective
assistance of counsel and the trial court erred in denying his motion for post-conviction
DNA testing.

 In his first issue, appellant argues he received ineffective assistance of counsel at
his post-trial DNA motion hearing and throughout the course of his appeal. Appellant
contends his appointed counsel did not confer with him and did not "submit a proper
Motion for DNA testing." Appellant further contends "Appellant's court appointed
counsel did not subject the Appellant's case to any adverserial [sic] testing as envisioned
by the 6th Amendment, instead the Appellant's court appointed counsel revealed a conflict
of interest by submitting documents advising that the DNA Testing be denied." 

 To prevail on a claim of ineffective assistance of counsel, appellant must show: (1)
counsel's performance fell below an objective standard of reasonableness, and (2) a
reasonable probability that, but for counsel's unprofessional errors, the result would have
been different. Strickland v. Washington, 466 U.S. 668, 687-88; 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 
"Appellate review of defense counsel's representation is highly deferential and presumes
that counsel's actions fell within the wide range of reasonable and professional assistance." 
See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Appellant must prove
there was no plausible professional reason for specific acts or omissions of his counsel. 
Id. at 836. Furthermore, "[a]ny allegation of ineffectiveness must be firmly founded in
the record, and the record must affirmatively demonstrate the alleged ineffectiveness." 
Thompson v. State, 9 S.W.3d at 813 (citing McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996)). 

 Regardless of whether appellant has the right to effective assistance of counsel, he
has failed to meet his burden under Strickland. The record reveals there is no biological
matter which may be subjected to DNA testing. The affidavit filed by the assistant district
attorney stated "there was no physical evidence. The State's case was based entirely on
witness accounts." Nothing in the record supports appellant's contention that "there may
exist biological material in the form of a beach towel." Therefore, there is no showing
that, but for counsel's conduct, the result would have been different. Appellant's first
issue is overruled.

 In his second issue, appellant says the trial court erred in denying his motion for
DNA testing based upon the assistant district attorney's affidavit, which stated there was
no physical evidence in the State's possession. The record supports the trial court's
finding that there is no biological evidence to test. Appellant's arguments to the contrary
are not supported by the record. Appellant's second issue is overruled. 

 The judgment of the trial court is affirmed. The motion to withdraw filed by
appellant's counsel is granted.

 AFFIRMED. PER CURIAM 


Submitted on September 10, 2004

Opinion Delivered November 24, 2004

Do Not Publish

 

Before McKeithen, C.J., Burgess and Gaultney, JJ.